UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIANE LYNN MANCINI,

       Plaintiff,

v.                           Case No. 2:19-cv-798-JLB-NPM

COMMISIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER

The Magistrate Judge filed a Report and Recommendation ("R&R") in this matter on February 22, 2021, recommending that the Commissioner's decision be reversed and remanded because the presiding ALJ failed to explain the impact of Ms. Mancini's migraines on her residual functional capacity (RFC"), despite concluding that her migraines were a "severe impairment." (Doc. 20 at 17–20.) The Commissioner does not object to the R&R. A district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of objections, a district judge is not required to review the factual findings in the report de novo, but legal conclusions are reviewed de novo even without an objection. Id.; Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

There appears to be no consistent approach to whether a "severe impairment" must always be linked to a specific limitation in an RFC finding. Compare Dial v. Comm'r, No. 6:19-cv-1005-Orl-LRH, 2020 WL 5513338, at *6 (M.D. Fla. Sept. 14,

2020), with Sorensen v. Berryhill, No. 8:16-cv-3500-T-DNF, 2018 WL 1225106, at *4 (M.D. Fla. Mar. 9, 2018).  The Eleventh Circuit has characterized the claimant's burden of establishing a severe impairment as "mild" and "de minimis."  McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); cf. Stratton v. Bowen, 827 F.2d 1447, 1452 n.9 (11th Cir. 1987) (quoting Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985)).  Accordingly, the Court does not accept the proposition that a specific limitation must always be attributed to a "severe impairment."

But in some circumstances—where nothing in the record reveals whether the ALJ considered the effect of the impairment in assessing the RFC—reversal may be appropriate.  See generally Sarah B. v. Berryhill, No. 1:17-CV-0080-BL, 2018 WL 3763837, at *8–9 (N.D. Tex. June 29, 2018), report and recommendation adopted, No. 1:17-CV-080-C-BL, 2018 WL 3756944 (N.D. Tex. Aug. 8, 2018); Hennigh v. Colvin, No. CV 15-2684-JWL, 2016 WL 1298074, at *6 (D. Kan. Mar. 31, 2016).

After independently reviewing the record (and noting the absence of any objection by the Commissioner), it is not clear from this record whether the ALJ here: (a) neglected to consider the migraines, (b) believed that any limitations attributable to the migraines were subsumed within the limitations caused by Ms. Mancini's other impairments, or (c) did not believe there were any limitations attributable to the migraines whatsoever.  A remand is necessary for the ALJ to clarify the impact of Ms. Mancini's migraines (if any) on her RFC.  Accordingly, the Court will adopt the recommendation of the R&R, reverse the Commissioner's decision, and remand this case under sentence four of 42 U.S.C. § 405(g).  The Court

cautions, however, that it does not agree with Ms. Mancini's hardline position that every "severe impairment" must be linked to a specific limitation in the RFC. Such a position is inconsistent with the claimant's relatively mild burden of proving a "severe impairment." <u>McDaniel</u>, 800 F.2d at 1031.

Accordingly, it is **ORDERED**:

1. The Report and Recommendation (Doc. 20) is **ADOPTED.**

2. The action is **REMANDED** for further consideration under sentence four of 42 U.S.C. § 405 consistent with this Order.

3. The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**ORDERED** in Fort Myers, Florida, on March 22, 2021.

_____
**JOHN L. BADALAMENTI**
**UNITED STATES DISTRICT JUDGE**